IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sharon Elaine Cockfield, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>South Carolina Department of Public Safety,)<br>)<br>Defendant. )<br>_____) | Civil Action No.:4:05-277 |

## ORDER

Plaintiff Sharon Elaine Cockfield ("Cockfield") filed the instant action on December 21, 2004, in the South Carolina Court of Common Pleas against Defendant South Carolina Department of Public Safety ("Defendant"). (Doc. #1). In her complaint, Cockfield asserted causes of action for race and gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, race discrimination in violation of 42 U.S.C. § 1981, and breach of contract. Id. Defendant removed the action to this Court on January 27, 2005. Id. Defendant filed the pending motion for summary judgment on May 16, 2006. (Doc. #31). Cockfield responded to the motion on June 23, 2006. (Doc. #35). On July 3, 2006, Defendant filed its reply to Cockfield's response. (Doc. #36).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. (Doc. #40). In the Report issued on February 26, 2007, Magistrate Judge Rogers recommends that "Defendant's motion for summary judgment be granted as to Plaintiff's Title VII and § 1981 claims and that the Court decline to exercise jurisdiction over Plaintiff's state

1

law cause of action for breach of contract." Id. Cockfield filed objections to the Report on March 15, 2007. (Doc. #41).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful *de novo* review of the Report, the objections thereto, and the memoranda, case law, and exhibits filed in this case, the Court elects to accept the Report.[1] (Doc. #40). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that Defendant South Carolina Department of Public Safety's motion for summary judgment is **GRANTED** as to Cockfield's Title VII and § 1981 claims. In light of this order, the Court declines to exercise jurisdiction over Cockfield's state law cause of action for breach of contract. Accordingly, this state law cause of action is remanded to the South Carolina Court of Common Pleas.

**IT IS SO ORDERED**.

---

[1] In its *de novo* review of the record in this case, the Court notes that Cockfield in her objections asserts the Report did not address her race claims under Title VII. However, the Court further notes it appears the Magistrate Judge analyzed Cockfield's race claims on pages 1, 8, 13, 14, 15, and 16 of the Report. Additionally, after a *de novo* review, the Court is not sufficiently convinced summary judgment should be denied as to Cockfield's race claims under Title VII.

                                                             S/ Terry L. Wooten

                                                             Terry L. Wooten
                                                             United States District Judge

March 27, 2007
Florence, South Carolina